## Sarah E. Pool

### *v.*

## John Blakie *et al.*

1. Estate in fee, *or for life only—construction of a deed.* A father conveyed by deed to his daughter, a married woman, a tract of land, "in consideration of natural love and affection, and for settling and assuring the premises for such purposes, and upon such conditions, as are hereinafter expressed." The *habendum* clause was as follows: "To have and to hold the aforesaid premises and hereditaments, etc. unto the said grantee, her heirs and assigns, forever, to the end and intent that the same shall and may be for her sole and separate use, benefit, behoof and disposal, notwithstanding her present or future coverture, for and clear of and from interruption, intervention and control of her husband, or any future husband she may have, and without being in any way or manner subject, responsible or liable to or for the existing or future contracts, debts, liabilities or engagements of her present husband or any future husband she may have:" *Held*, the grantee took, not an estate for life merely, but an estate of inheritance in fee, with the power of disposal by will, so as to vest the entire estate in her devisees free from any interest in her husband.

2. Estate by the curtesy—*whether it exists.* A husband can not be tenant by the curtesy of real estate conveyed to the wife for her sole and separate use, and with power of disposal, and who has disposed of it by will duly executed and attested.

3. CONSTRUCTION *of deeds and wills—general rule.* It is a rule in construing deeds or wills, that the intention of the grantor or testator, as manifested by the words of the writing, in connection with surrounding circumstances, must be carried into effect, provided in so doing no rule of law is violated or sound policy disturbed.

APPEAL from the Circuit Court of DeWitt county; the Hon. JOHN M. SCOTT, Judge, presiding.

This was a suit in chancery for partition. The principal question is in reference to the proper construction of a deed executed by George L. Hill and wife, whereby they conveyed certain land to their daughter, Sarah L. Blakie, a married woman. The deed witnessed, " that the said party of the first part, as well for, and in consideration of, the natural love and affection which they have and bear to the said Sarah L. Blakie, and for settling and assuring the premises hereinafter described and granted, for such purposes and upon such conditions as are hereinafter expressed and declared for and concerning the same, hath given, granted, aliened, enfeoffed, released and confirmed, and by these presents do give, grant, alien, enfeoff, release and confirm unto the said Sarah L. Blakie, the following described premises," etc. The *habendum* clause was as follows : " To have and to hold the aforesaid premises and hereditaments, etc. unto the said Sarah Blakie, her heirs and assigns forever, to the end and intent that the same shall and may be for her sole and separate use, benefit and disposal, notwithstanding her present or future coverture, free and clear of and from interruption, intervention and control of her said husband, the said John Blakie, or any future husband she may have, and without being in any way or manner subject, responsible or liable to or for the existing or future contracts, liabilities or engagements of her said husband, the said John Blakie, or any future husband."

The grantee, by her last will, devised this land to her children, and afterwards died, leaving her husband, John Blakie, surviving, who claims an estate by the curtesy in the premises.

Messrs. MOORE & WARNER, for the appellant.

The grantee, Sarah L. Blakie, did not take a fee simple title by the deed from her father, but only an estate for life, which excludes an estate by the curtesy in her husband. The granting part of the deed does not mention her "heirs and assigns."

It is true, in the *habendum* and warranty clauses, the words, "her heirs and assigns," are used, but we insist that it is the granting clause which shows the extent and kind of estate conveyed, and is not to be enlarged by any general words in the *habendum* and warranty. 3 Washburn on Real Property, page 374, sec. 62 and 63. Other special clauses in the deed limit the estate to the said Sarah L. Blakie, "for her sole and separate use, benefit and disposal," and expressly excluding her husband, or any future husband. By no possible contingency was the husband, present or future, to have anything to do with the land. While the words "heirs and assigns" in the *habendum* and warranty clauses of the deed would apply to a deed in fee simple, they are not repugnant to the granting clause in this deed.

General recitals in deeds are controlled by the recitals of particular facts; strike out all of these with the clauses of limitation, and we admit the case comes within the rule established in Shelly's case.

We think there can be no doubt that Geo. L. Hill, when he made the deed, meant and intended to exclude Blakie from any and all interest in the land. 1 Roper on Property, 5, 9, 22, 23, 24; 1 Wash. on Real Property, 93, 42, 43; 16 Johns. 172; 17 Barb. 25 and 78; Comst. 195, 228; *French* v. *Corhart,* 1 Comst. 96.

But if we are wrong in this, and the court shall say that the words in the deed do convey such an estate to the wife as the husband can legally claim curtesy in, we reply that courts of equity often defeat such estates, though good at law.

Estates by the curtesy are not creatures of our statute; they are mentioned but twice in them, and then but incidentally;

32—53RD ILL.

but, by the adoption of the common law, they have an exist-ence in this State.   This is a bill in chancery, praying partition, and if the court finds that, by the strict rules of the law and letter of the deed, the defendant has an estate by the curtesy, yet if they find that the intention of the grantor, George L. Hill, was to exclude Blakie from such estate, then it is their plain duty to see that such intention is carried out.   In other words, to decide that John Blakie holds such estate in trust for the two daughters of his deceased wife.

See 1 vol. 3d edition Washburn on Real Property, p. 164, sec. 44 and 45 ; *Weller* v. *Weller,* 28 Barb. 588 ; 3d Ed. Wash. on Real Prop. sec. 15, 155 ; *Hatfield* v. *Linden,* 42 Barb. 622 ; 14 Penn. 361 ; 4 Kent, 7 Ed. p. 29, side page 31 and 32.

Messrs. Hay, Greene & Littler, for the appellees.

That the deed of George L. Hill to his daughter, Sarah L. Blakie, conveyed to her a fee simple title, is as clear as anything can well be in law.   Not only is the word " heirs " used, (which, at common law, was necessary to the conveyance of an inherit-ance,) but the power of disposal is also expressly given.   There is not a word limiting the estate of Mrs. Blakie to a mere life interest, and it is by no means certain that, had such an interest been intended by the grantor, it would have been effectual in this deed.   We understand it to be a settled rule of conveyancing, that, where an estate for life is granted to A, and in the same instrument the remainder in fee is limited over to the heirs of A, either general or special, A takes an absolute fee simple.   The word " heirs " is taken to be a word of limita-tion, and not of purchase.

This is the rule in the celebrated Shelly case.   1 Coke's Reports, 104 ; 2 Blackstone's Com. 214 ; Preston on Estates, 263 ; Cruise's, 369.

The same principle has been fully established in this country. 4 Kent's Com. 214, 229, etc ; *Williamson* v. *Williamson,* 18 B. Monroe, Ky. 329 ; *McFeely* v. *Moore,* 5 Ohio, 464 ; *Hampton* v. *Rather,* 30 Miss. (Cushing,) 193.

The deed does not, by its terms, exclude appellee from the estate he claims.    It does declare that the land shall be held to the use and control of Mrs. B, and not subject to the interference of her husband, or liable for his debts.

It is very evident that the restrictive provisions were inserted in the deed for the protection of the grantee during her life, and for this only.    The grantor does not say that Blakie shall have no interest, or that he shall never control or enjoy the land; but he does say that the land shall be held to the use and enjoyment of Mrs. B. free from all interference, etc. of her husband.    It will be observed that all the restrictive words of the deed only exclude the husband as against the wife.    The terms of exclusion are limited, while the grant itself is general.

We contend, therefore, that, inasmuch as the grant was made to Mrs. B and her heirs, and an estate of inheritance thereby created, and, inasmuch as the excluding words only related to the period of Mrs. B's life, that on her death her husband was remitted to his rights at common law.    During the life of his wife, Blakie had an inchoate right to curtesy, which became absolute the moment the terms of exclusion ceased to operate.

We repeat that the deed does not, by its terms, or by necessary implication, deprive the husband of the grantee of all interest in the land, but only guards the use and enjoyment of the wife ; that the exclusion is not as broad as the grant, and terminates when its purpose is accomplished, *i. e.* when the wife has enjoyed the property during life.    That the disposal of the estate by will does not, in any way, militate against our construction, as a married woman could always so convey her realty, but could not thereby defeat her husband's curtesy.    In fact, the power of disposal expressed in the deed conferred no additional right on Mrs. Blakie, nor did the exercise of it limit the rights of her husband.

It is a disputed proposition, whether a husband can be deprived of the interest which the law gives him in the realty of his wife, even by the express terms of the conveyance to her. 1 Washburn on Real Estate, p. 133, and cases there cited.

But *it is* agreed by all courts, that, in order to justify such a result, the words of exclusion must be clear and unmistakable. *Steadman* v. *Pulling*, 3 Atk. 423 ; *Morgan* v. *Morgan*, 5 Madden, 410 ; *Mullany* v. *Mullany*, 3 Greene's Ch. 16 ; *Dubs* v. *Dubs*, 31 Penn. State, 149, 155 ; *Wightman's Appeal*, 29 Penn. 125.

We submit that in this case no such intention is expressed. On the contrary, by the terms of the deed, Blakie was only excluded as against the personal enjoyment of the wife during her life, and when she died his exclusion ceased.

Mr.CHIEF JUSTICE BREESE delivered the opinion of the Court:

This was a bill in chancery, exhibited by Sarah E. Pool, suing by her next friend, in the DeWitt circuit court, to which John Blakie and Margaret Blakie were made defendants. The object of the bill was to obtain partition of a tract of land therein described, on the allegations that Sarah L. Blakie was seized, in her life time, of an estate in fee simple in the land, and that she devised the same, by her last will and testament, to her children, the complainant being one, and the defendant, Margaret, the other. It is also alleged that John Blakie was the husband of Sarah L. Blakie, and was in possession of the land, cultivating the same, and appropriating the proceeds to his own use, refusing to pay any rent to complainant, he claiming the same as tenant by the curtesy.

John Blakie put in his answer to the bill, admitting the principal allegations therein, and setting up his right to use and occupy the premises as tenant by the curtesy, he having married Sarah L. Blakie, and to whom was born a daughter, the defendant, Margaret.

The court, on the hearing, dismissed the bill, and the complainant brings the record here by appeal, assigning this decree as error.

It appears by the record, that Sarah L. Blakie, the mother of the complainant, was the daughter of George L. Hill, and during her coverture with John Blakie, her father conveyed to

her, by deed duly executed, the land in question, " in considera-
tion of natural love and affection, and for settling and assuring
the premises for such purposes, and upon such conditions as are
hereinafter mentioned, expressed and declared, for and concern-
ing the same." The *habendum* clause is as follows :  " To have
and to hold the aforesaid premises and hereditaments, etc. unto
the said Sarah L. Blakie, her heirs and assigns forever, to the
end and intent that the same shall and may be for her sole and
separate use, benefit, behoof and disposal, notwithstanding her
present or future coverture, free and clear of and from inter-
ruption, intervention and control of her said husband, John
Blakie, or any future husband she may have, and without being
in any way or manner subject, responsible or liable to or for
the existing or future contracts, debts, liabilities or engage-
ments of her said husband, the said John Blakie, or of any
future husband she may have."

This deed bears date March 27, 1860, the grantee and her
husband, John Blakie, then living on the land, and who con-
tinued to reside thereon up to the time of the death of Mrs.
Blakie, in 1867.  Mrs. Blakie, on the twenty-fourth of March,
1864, made her last will and testament, by which she devised
all her estate, real and personal, to the heirs of her body, who
are the appellant and the defendant, Margaret Blakie.

It is claimed by appellant that, by the deed, the grantee took
an estate for life only.  This position is not tenable.  It is
very clear, Sarah L. Blakie took an estate of inheritance in fee
simple.

All the conditions necessary to constitute an estate by the
curtesy in John Blakie are manifest—marriage, seizin of the
wife, issue, and death of the wife—but the question arises, can
a husband be tenant by the curtesy of real estate conveyed to
the wife for her sole and separate use, and with power of dis-
posal, and who has disposed of it by will, duly executed and
attested?  This is a new question in this court, and we have
found it one not free from difficulty, and on which the authori-
ties appear to differ.

It is a rule in construing deeds or wills, that the intention of the grantor or testator, as manifested by the words of the writings, in connection with surrounding circumstances, must be carried into effect. Now, what was the intention of the grantor? Did he intend to exclude the husband from the curtesy?

It seems to us the intention of the grantor is so plainly expressed in the deed as to place it beyond question or controversy. The intention is most clearly manifested, to exclude the husband from any participation or interest in the estate granted. The expression is clear and distinct that neither her present husband nor any future husband should have any estate in the land. It is true, the words that the husband, present or future, shall not be tenant by the curtesy, are not used, but equivalent words are, manifesting most clearly the design and purpose of the gift, that it should be placed in such a position that the creditors of her husband could not disturb her in the enjoyment of the estate. This they could do, if it should be held the husband has a life estate therein. That is such an estate as can be sold on execution. It seems to us it was the intention of the grantor to prevent such a result, by excluding the husband from any interest whatever in the premises, and though more apt words to express such intention might have been used had the deed been prepared by a professional conveyancer, still the intent is unmistakable. This intent must be carried out by the courts, if in so doing no rule of law is violated or sound public policy disturbed.

But few cases have been cited on the argument. The leading case for appellant is *Bennet* v. *Davis*, 2 Peere Williams, 316. There, testator's daughter, having married a tradesman in London, who was in debt, had devised to her certain lands in fee for her separate and peculiar use, exclusive of her husband, to hold the same to her and her heirs, and that her husband should not be tenant by the curtesy, nor have the lands for his life in case he survived, but that they should, upon the

wife's death, go to her heirs. The testator died, and the husband of his daughter became a bankrupt, and the commissioner assigned the lands devised, to the defendant, Davis, in trust for the creditors, and upon Davis bringing his ejectment, the bankrupt's wife preferred her bill against the assignee and her husband, to compel them to assign over this estate to her separate use, and it was decreed accordingly, the court holding, there being an apparent intention and express declaration that the wife should enjoy the lands to her separate use, by that means the husband, who would otherwise be entitled to take the profits in his own right during the coverture, is now debarred and made a trustee for his wife.

Other cases to the same effect might be referred to, and among them, *Stokes* v. *McKibbin,* 13 Penn. St. R. 267, where it was held, a husband was not entitled to curtesy in an estate held in trust for the separate use of his wife, as a *feme sole,* so that the same shall not be in the power or subject to any debt, contract or engagement of the husband.

We think both reason and justice require such an interpretation should be given to the deed as to exclude the husband from all claim to any estate in the premises in question.

The decree of the circuit court dismissing the bill is reversed, and the cause remanded, with directions to that court to proceed in the cause according to the prayer of the bill.

*Decree reversed.*