JACOB W. PERKINS, PLAINTIFF IN ERROR, V. DUNHAM M. STRONG, DEFENDANT IN ERROR.

22 725
35 743
22 725
56 619

**Real Estate:** RECORDING DEEDS: NEGLECT OF RECORDER. A purchaser of real estate who takes his deed to the office of the register of deeds and deposits it with him for record, and pays the fees for recording and entering the same on the numerical index, discharges thereby his duty of notice to the public; and if, through the fault alone of the register, the deed is lost or mislaid, and not entered of record or entered on the index, such failure will not work to the prejudice of the title of such purchaser, even in favor of a subsequent purchaser without actual notice. *Lee v. Bermingham*, 30 Kan. R., 312.

ERROR to the district court for Dodge county. Tried below before POST, J.

*Frick & Dolezal*, for plaintiff in error, cited: *Poplin v. Mundell*, 27 Kan., 138. *Merrick v. Wallace*, 19 Ill., 486. *Kiser v. Houston*, 38 Id., 252. *Brooke's Appeal*, 64 Penn. State, 127. *Gill v. Fauntleroy*, 8 B. Mon., 177. *Jordan v. Hamilton Co. Bank*, 11 Neb., 501. *Mutual Life Ins. Co. v. Dake*, 87 N. Y., 257.

*W. H. Munger*, for defendant in error, cited: *Barney v. McCarthy*, 15 Iowa, 510. *Whalley v. Small*, 25 Id., 184. *Sawyer v. Adams*, 8 Vt., 172. *Speer v. Evans*, 47 Penn. State, 144. *Handley v. Howe*, 22 Maine, 560.

COBB, J.

This was an action by the plaintiff in error against the defendant in error in the district court of Dodge county. The action was ejectment. There was issue and, by stipulation, a trial to the court, with a finding and judgment for the defendant. The plaintiff brings the cause to this court on error, and assigns the following errors:

1. The finding and decision of the court is not sustained by sufficient evidence.

2. The finding and decision of the court is contrary to law.

3. The court erred in overruling the motion for a new trial.

The cause was tried upon an agreed statement of facts, which I copy from the bill of exceptions, as follows:

"On the 11th day of August, 1879, one Edward Johnson, being the owner in fee simple of lots 1 and 2 in block 20, in the town of North Bend, in Dodge county, for a valuable consideration to him paid, jointly with his wife, Mary Johnson, duly executed to the plaintiff a deed of general warranty, witnessed and acknowledged as required by law, whereby he conveyed to the plaintiff said lots 1 and 2, in fee simple, with the usual covenants of seizin against incumbrances and for quiet enjoyment.

"2. On said 11th day of August, 1879, said Mary Johnson, being then the owner in her own right in fee simple of lots 3 and 4 in block 20, in said town of North Bend, for a valuable consideration to her paid, jointly with her husband, the said Edward Johnson, duly executed and delivered to the plaintiff a deed of general warranty, witnessed and acknowledged as required by law, a copy of which is hereto attached, marked exhibit 'B,' and made a part hereof.

"3. On the 6th day of December, 1879, in the county clerk's office of said Dodge county, the plaintiff duly presented and delivered said deeds, and each of them, to the county clerk of said county for record, as provided by law, and paid to said county clerk the fees required by law for the recording of said deeds and for entering them on the indexes, and said county clerk then received said deeds for record and, at the same time, made on each of said deeds an endorsement, partly printed and partly written, in words and figures following: 'Received for record this 6th

day of December, 1879, at 9 o'clock A.M., and recorded in book T of deeds, page ....., Charles Sang, county clerk Dodge county, Nebraska.'

"4. That a few days after said 6th day of December, 1879, the plaintiff went away from said Dodge county, and remained away continuously until the year 1882.

"5. On the 20th day of March, 1880, the said Edward Johnson, then being the owner in fee simple of the south $\frac{1}{2}$ of the north-west $\frac{1}{4}$ of section 12, township 18, range 5, in said Dodge county, for a valuable consideration to him paid, jointly with his wife, the said Mary Johnson, duly executed and delivered to one L. M. Keene and one L. D. Richards a deed of general warranty, witnessed and acknowledged as required by law, whereby he conveyed to said L. M. Keene and L. D. Richards said premises, and whereby he also pretended to convey to said L. M. Keene and L. D. Richards said lots 1, 2, 3, and 4. A copy of said deed is hereto attached, marked 'exhibit A,' and made a part hereof. The attorney in fact executing said deed for said Johnson had due and lawful authority and power to execute and deliver deeds conveying real estate owned by said Johnson, and to make covenants of warranty seizin against incumbrances and for quiet enjoyment therein.

"6. That at the time of the execution and delivery of said deed to said L. M. Keene and L. D. Richards, the said Edward Johnson had no right, title, or interest in and to said lots 3 and 4, except such as a husband has in the real estate owned by his wife in her own right, and said Edward Johnson has never owned nor acquired any right, title, or interest in and to said lots 3 and 4, but said lots 3 and 4 were owned in fee simple by said Mary Johnson in her own right, until she conveyed the same to plaintiff by deed as aforesaid.

"7. On the 17th day of April, 1880, said L. M. Keene and L. D. Richards, for a valuable consideration to them paid, duly executed and delivered to the defendant

their deed of general warranty, witnessed and acknowl-edged as required by law, whereby they pretended to con-vey to defendants said lots 1, 2, 3, and 4, in fee simple, with the usual covenants of seizin against incumbrances and for quiet enjoyment.

"8.   That the said deed to said L. M. Keene and L. D. Richards was, on the 20th day of March, 1880, at the county clerk's office of said Dodge county, duly presented and delivered to the county clerk of said county for record, as required by law, and the fees required by law for re-cording and entering same on the indexes was paid to said county clerk, and said county clerk received the same for record and recorded said deed in book I of deeds, on page 169 thereof, in the records of said county, and entered the same on the indexes; and the said deed to defendant was, on the 17th day of April, 1880, at the county clerk's of-fice of said county, duly presented and delivered to the county clerk of said county for record as required by law, and the fees required by law for recording and entering same on the indexes was paid to said county clerk, and said county clerk received the same for record and recorded the same in book I of deeds, on page 208 thereof, in the rec-ords of said county, and entered the same on the indexes.

"9.   That, without the knowledge or consent of the plaintiff, the said county clerk neglected and failed to record, and also neglected and failed to enter on the indexes, the said two deeds to plaintiff, filed, delivered, and received for record and for entry on the indexes as aforesaid; and at the time of the execution, delivery, and record of said deed to said L. M. Keene and L. D. Richards, and of said deeds to defendant, the said deeds to plaintiff were not actually recorded at large on the records of said county, nor actually entered on the indexes, but the said deeds to plaintiff continuously remained in said county clerk's office of said county from the delivery of the same to said county clerk as aforesaid, to-wit, December 6, 1879, until the year

1882, during all of which time the plaintiff believed the same were actually recorded in their regular order and actually entered on the indexes, and relied thereon, and plaintiff did not discover nor learn of the neglect and failure of said county clerk to record or enter on the indexes his said deeds until the year 1882, when he returned to said county; then hearing that said defendant claimed ownership to said lots, plaintiff instituted a search in said county clerk's office and discovered said failure and neglect, and found his said deeds in said office; and plaintiff upon such search for the first time learned of the existence of the said deed to said L. M. Keene and L. D. Richards, and of said deed to defendant, at which time the considerations for said deeds to L. M. Keene and to defendant had passed, and plaintiff did not at any time before his said return to said county know that said L. M. Keene or L. D. Richards, or said defendant, or any one of them, were about or intending to take said deed or deeds, or to pay said consideration or considerations; but when plaintiff learned that defendant claimed ownership to said lots, said considerations were paid; and upon the discovery of said failure and neglect of said county clerk, plaintiff placed said matters in the hands of an attorney-at-law, with instructions to bring the proper action, and again left said county and has been away from said county ever since; the said attorney failed to bring action, and upon discovery thereof plaintiff placed said matter in the hands of other attorneys who procured the record of said deeds to be completed and brought action.

"10.  That at the time of making and delivery and record of said deed to said L. M. Keene and L. D. Richards, and of said deed to defendant, and the paying of the considerations therefor, neither the said L. M. Keene nor said L. D. Richards, nor said defendant, had any actual notice of the said deeds to plaintiff, except such notice as the law may infer from the delivery of said deeds for record

and entry on the indexes as aforesaid, and their being and remaining in said county clerk's office as aforesaid.

"11.    That at the time of the several purchases as before stated, by plaintiff and L. M. Keene and L. D. Richards, and also D. M. Strong, the said lots mentioned were unoccupied."

At the hearing we were all of the opinion that the judgment was wrong, and a thorough examination of the cases cited fails to enable me to sustain it.    The sections of statute especially applicable to the question involved are §§ 15 and 16, chapter 61 of the General Statutes, page 875, as follows :

"Sec. 15.    Every deed entitled by law to be recorded shall be recorded in the order and as of the time when the same shall be delivered to the clerk for that purpose, and shall be considered as recorded from the time of such delivery.

"Sec. 16.    All deeds, mortgages, and other instruments of writing which are required to be recorded, shall take effect and be in force from and after the time of delivering the same to the clerk for record, and not before, as to all creditors and subsequent purchasers in good faith without notice; and all such deeds, mortgages, and other instruments shall be adjudged void, as to all such creditors and subsequent purchasers without notice whose deeds, mortgages, and other instruments shall be first recorded ; *Provided,* That such deeds, mortgages, or other instruments shall be valid between the parties."

Counsel for defendant in error cites section 85 of the act entitled, "An act concerning counties and county officers," approved March 1, 1879, page 377, Session Laws of 1879, and under it claims that it was the duty of the plaintiff to have seen to it, at his peril, that his deeds were entered upon the numerical index before presenting the same for record.

The following is the section cited :    "Sec. 85.    It shall

be the duty of every person requiring any conveyance of realty, or interest therein, including mechanics' liens, to be entered upon said numerical index prior to the recording thereof, and no instrument shall be received for record by the county clerk until the same has been presented for transfer in said numerical index and the fees provided by law for so entering the same on said index have been paid."

Considering these provisions of law together, and in connection with the agreed statement of facts in the case, I think that the plaintiff discharged his entire duty in the premises. He presented the deeds for record and entry in the indexes, this included entry as well as "transfer" in said numerical index, "and paid the fees therefor." Practically this was all he could do. To require two separate and distinct acts on the part of the party, one to present his deed for entry and transfer in the numerical index, and after that is completed again present it to the same person for record, would render the administration of the law cumbersome, and in many counties impractical. It is the record of the deed, not the original, that is required to be indexed. An index, according to the dictionary, is that which points out; that which shows, indicates, or manifests. In ordinary use, it is a table of references, pointing out the page of a book where a certain article or subject may be found. When the article or subject to be pointed out is a record, how can this be done until the record has an existence, and has found a place on a certain page or pages of some book? A careful examination of the section last above quoted, especially if read as a part of the act of February 7, 1873, as it originally passed, cannot fail to show the purpose and object of the section to be, to compel the payment of fees, rather than to transfer the office of constructive notice from the record to the index.

Again, the deeds themselves, while lying in the clerk's office with fees for recording and indexing the same paid,

were notice, both in law and in fact, to all persons.    I say they were notice in fact, because, notwithstanding the modern appliances of numerical indexes, entry books, and reception records, no experienced persons will deem a search complete until the unrecorded papers remaining in the office have been examined. .

The judgment of the district court is reversed and the cause remanded for further proceedings in accordance with law.

REVERSED AND REMANDED.

THE other judges concur.