EBENEZER ZANE McCULLOCH ET AL., APPELLEES, V. F. E. VALENTINE ET AL., APPELLANTS.

1. **Wills:** CONSTRUCTION OF WILL: ESTATE BY CURTESY. The last will and testament of M. contained the following clause: "Item 3. The farm I purchased from the Welchouse heirs I direct to be sold either at private or public sale, as my executors shall see fit, and the money arising to be equally divided between my daughters, J. M., E. P., R. M., A. M., R. M., and S. M., the share pertaining to my daughter, E. P., to be retained in the hands of my sons, E. Z. M. and G. C. M., who are hereby appointed trustees for that purpose, and who shall retain the same in trust for the benefit of said E. P. and her children, her husband to have no control over the same

whatever; but the said trustees may, with the consent of said E. P., invest the same as they may deem best, so my daughter and her children shall have the benefit of the same without control from her husband.'' The share pertaining to the said E. P. of the said fund, being retained by the said trustees, was invested by them in land, the title to which was taken to themselves as such trustees; the *habendum* clause of the deed therefor being as follows: ''To have and to hold the said real estate with its appurtenances to the said second parties as trustees of said E. P., they being appointed as such trustees by the will of their father, E. M., of, etc., for her sole and separate use and benefit so long as she may live, and after her death for the use and benfit of her children; the said trustees having the power to sell and convey said land or any part thereof on the written request of said E. P., and her joining with them in any such conveyance.'' The said deed also contained the following clause: '' It is further expressly understood and agreed by and between the parties to this deed that said W. D. P., ' the husband of said E. P.,' shall have the right to occupy, farm, and control said land for her so long as he may live or the legal title thereof remains in said trustees.'' E. P. died intestate, leaving her husband, the said W. D. P., and their three children surviving her. *Held,* That W. D. P. took no estate in the said land as tenant by the curtesy.

2. ———: ———. It is a rule in the construction of deeds or wills, that the intention of the grantor or testator, as manifested by the words of the writing in connection with surrounding circumstances, must be carried into effect, provided in so doing no rule of law is violated or sound policy disturbed. *Poole v. Blakie,* 53 Ill., 495.

APPEAL from the district court of Hamilton county. Heard below before NORVAL, J.

*Lamb, Ricketts & Wilson,* for appellants, cited: Perry on Trusts (1 Ed.), Sec. 324. Washburn on Real Property (1 Ed.), 154. *Dubs v. Dubs,* 31 Pa. St., 149. *Lowry v. Philips,* 4 Ohio, 170. *Ege v. Medlar,* 82 Pa. St., 86. *Cushing v. Blake,* 30 N. J. Eq., 689. *Tremmel v. Kleiboldt,* 6 Mo. App., 549. *Withers v. Jenkins,* 14 S. C., 597. *Tillinghast v. Coggeshall,* 7 R. I., 383. *Forbes v. Sweesy,* 8 Neb., 527. *Hatfield v. Sneden,* 54 N. Y., 280.

*J. H. Smith*, for appellees, cited : *Pemberton v. Pollard,* 18 Neb., 435. *Ditch v. Sennott,* 7 N. E. Rep., 636. *Millett v. Ford,* 8 N. E. Rep., 917. *Taylor v. Martin,* 8 Atlantic, 920. *Santa Clara Fem. Academy v. Sullivan,* 6 N. E. Rep., 187. *Handy v. McKim,* 4 Atlantic, 125. *Rapp v. Matthias,* 35 Ind., 332. *See v. Derr,* 24 N. W. Rep., 108. *Gakler v. Morean,* 33 N. W. Rep., 513. *Parker v. McMillan,* 21 N. W. Rep., 305. *Phillips v. Laforge,* 1 S. W. Rep., 220. *Burris v. Page,* 12 Mo., 359.

COBB, J.

Ebenezer McCulloch, late of Ohio county, West Virginia, departed this life in the month of November, 1870. Shortly before his death he made and published his last will and testament, by which, among other bequests and provisions, he made the following : ·

" Item 3. The farm I purchased from the Welchouse heirs I direct to be sold, either at private or public sale, as my executors shall see fit, and the money arising therefrom to be equally divided between my daughters, Jemima McCartney, Elizabeth Pemberton, Rebecca McCulloch, Annie McCulloch, Rachel McCulloch, and Sarah McCulloch, the share pertaining to my daughter, Elizabeth Pemberton, to be retained in the hands of my sons, Ebenezer Zane and George C. McCulloch, who are hereby appointed trustees for that purpose, and who shall retain the same in trust for the benefit of said Elizabeth Pemberton and her children, her husband to have no control over the same whatever ; but the said trustees may, with the consent of said Elizabeth Pemberton, invest the same as they may deem best, so my daughter and her children shall have the benefit of the same without control from her husband."

The said will having been duly probated, and said farm

sold in accordance with its provisions, and the share of the funds arising therefrom "pertaining to" the said Elizabeth Pemberton coming to the hands of said Ebenezer Zane McCulloch and George C. McCulloch as trustees under the said appointment, who retained the same in trust, and on the 2d day of December, 1876, with the said trust funds purchased the north-west quarter of section four in township nine north, of range seven west in Hamilton county, in this state, taking the deed of conveyance therefor in their own names as trustees; the habendum clause of said deed being as follows, to-wit: " To have and to hold the said real estate with its appurtenances to the said second parties as trustees of said Elizabeth Pemberton, they being appointed such trustees by the will of their father, Ebenezer McCulloch, late of Ohio county, West Virginia, for her sole and separate use and benefit so long as she may live, and after her death for the use and benefit of her children, the said trustees having the power to sell and convey said land or any part thereof on the written request of said Elizabeth Pemberton and her joining with them in any such conveyance."

The said deed also contained the following clause, to-wit: "It is further expressly understood and agreed by and between the parties to this deed that said William B. Pemberton shall have the right to occupy, farm, and control said land for her so long as she may live or the legal title thereof remains in said trustees."

On the 23d day of September, 1884, the said Elizabeth Pemberton died in Hall county in this state, leaving surviving her her husband, William D. Pemberton, and the following children, lawful heirs of her body and of her said husband, to-wit: Ora May Pemberton, Clarence Pemberton, and Ida Pemberton, all of whom are still infants, and having no children by any former husband.

On the 27th day of February, 1886, C. N. Payne & Co. caused an execution to issue upon a judgment docketed

in the district court of Hamilton county, which said judg-
ment was rendered in an action wherein one William Glo-
ver was plaintiff and William D. Pemberton defendant, in
favor of the said plaintiff and against the said defendant,
and which said judgment had been by said William Glover
assigned to said C. N. Payne & Co., which execution was
placed in the hands of T. E. Valentine, sheriff of said
county, who levied the same on the said lands as the prop-
erty of said William D. Pemberton, and was proceeding
to advertise and sell the same, when the said trustees com-
menced this action to enjoin such sale, and set aside said
levy, and filed their petitions setting up the foregoing,
with other facts. The defendants filed a general demurrer,
which was overruled. The defendants electing to stand
upon their demurrer, refused to further plead, and there-
upon the court rendered a final judgment for the plaintiffs,
making the injunction theretofore issued in the case perpet-
ual, etc. The defendants bring the cause to this court on
appeal.

The defendants claim that the facts set forth in the peti-
tion show that William D. Pemberton has an estate by
the curtesy in the land as surviving husband of Elizabeth
Pemberton, and that the decision of the case must turn on
that question alone.

The statute on the subject of estates by the curtesy, as
it stood before the amendment of 1887, is as follows:
"When any man and his wife shall be seized in her right
of any estate of inheritance in lands, the husband shall, on
the death of his wife, hold the lands for his life, as tenant
thereof by curtesy." Sec. 29, Chap. 17, Gen. Stats.

The class of cases to which this statute has its plain and
obvious application is, that of legal estates where the title
is in the wife and possession in the family. Yet it seems
to have been held, and the law is so laid down by Wash-
burn in his work on real property, that similar statutory
provisions apply to "estates of inheritance, of which the

wife had in equity what answered to a seizin at law of legal estates in possession. And the receipt of the rents and profits by the wife as such *cestui que trust* during coverture, is ordinarily sufficient seizin in equity to give a husband curtesy. 'But,' says one author, 'it does not seem to be sufficient seizin of a trust estate, to give a husband curtesy thereof, that the wife had the rents and profits of the estate, if it was by terms of the trust to her own separate use, her seizin, in such case, not enuring to the benefit of her husband.'" 1 Washburn, 130, and cases cited.

In the case at bar, the fund with which the estate was purchased was by the will of Ebenezer McCulloch bequeathed to trustees "for the benefit of said Elizabeth Pemberton and her children, her husband to have no control over the same whatever." The limitations to and conditions of the bequest were sufficiently carried into and expressed in the deed of the real property to the trustees to impress the character of the bequest upon the title, the same as though the bequest had been of the land itself.

The case of *Poole v. Blakie*, 53 Ill., 495, involved a question almost, if not precisely, like the one now before us. That case is discussed and decided by Chief Justice Breese solely upon the intention of the grantor as expressed in the *habendum* clause of the deed by which the estate was granted. In the opinion he says, "It is a rule in construing deeds or wills, that the intention of the grantor, or testator, as manifested by the words of the writing, in connection with surrounding circumstances, must be carried into effect." The *habendum* clause of the deed in that case was as follows: "To have and to hold the aforesaid premises and hereditaments., etc., unto the said Sarah Blakie, her heirs and assigns forever, to the end and intent that the same shall and may be for her sole and separate use, benefit, and disposal, notwithstanding her present or future coverture, free and clear of and from interruption, intervention, and control of her said husband, the said John

Blakie, or any future husband she may have, and without being in any way or manner subject, responsible, or liable to or for the existing or future contracts, liabilities, or engagements of her said husband, the said John Blakie, or any future husband." The said Sarah Blakie and her husband occupied the land, and having children living she made her will, devising the estate to her children. After her death, her husband, being in possession of the land, claimed the same as tenant by the curtesy. The court, following the case of *Bennett v. Davis*, 2 P. Wms., 316, and *Stokes v. McKibbin*, 13 Pa. S., 267, and construing the meaning of the clause of the deed above quoted, decided in favor of the devises, and against the husband.

Returning to the consideration of the case at bar, can there be any doubt that the object and purpose of Ebenezer McCulloch in the use of the language of his will, as above quoted, or of his object and purpose in providing that the provision, and the only one, made by him in the final disposition of his property, for the benefit of or "pertaining to" his daughter, Elizabeth Pemberton, should go into the hands of and be retained by trustees? I think there can be none, or that such object and purpose was that "the share pertaining to" her should be absolutely assured to the use of Elizabeth Pemberton, during her life, and at and after her death, to the use of her children, to the exclusion of her husband.

Blackstone, speaking of the requisites necessary to make a tenancy by the curtesy, says: "2. The seizin of the wife must be an actual seizin, or possession of the land, not a bare right to possess, which is a seizin in law, but an actual possession, which is a seizin indeed." 2 Black. Com., *127. Here it was evidently the intention of the testator that the seizin of the estate devised should remain in the trustees, not only in law, but also indeed, not only during the life of Elizabeth, but in the event of her death, leaving children during their childhood or state of depend-

ency.  I see no reason why this estate, which by virtue of the expressed will of the testator was, during the life of his daughter, the principal beneficiary of his bounty, kept out of the hands or control of her husband, should upon her death, leaving children, who were also described as participants in the same bounty, go to the husband; that the children should then be deprived of it, and the husband for the first time let into its enjoyment.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.