ERASTUS A. DEMING, APPELLEE, V. WILLIAM H. MILES
ET AL., APPELLANTS.

[FILED NOVEMBER 23, 1892.]

1. **Registration:** FILING DEED OPERATES AS CONSTRUCTIVE NOTICE: GRANTEE UNAFFECTED BY NEGLECT OF OFFICER TO RECORD.   Where a party files a deed properly executed and acknowledged for record with the proper officer, he is not bound to see that the officer performs his duty by actually recording it, nor is he responsible to other parties for the officer's neglect of his duty.   The proper filing of such deed for record operates as constructive notice to all subsequent purchasers and mortgagees, although the officer may fail to comply with the requirements of the statute with respect to the recording of the instrument.

2. ———: ———: DESTRUCTION OF RECORDS BY FIRE.   Where a deed properly executed and acknowledged is filed and recorded in the proper office, it is thenceforth notice to all the world, even though the record book containing it may be totally destroyed by fire.

3. **Real Estate:** LIFE ESTATE OF HUSBAND BY CURTESY MAY BE CONVEYED, OR SOLD ON EXECUTION.   The life estate of a husband as tenant by the curtesy is subject to seizure and sale on execution against him.   A tenant by the curtesy may likewise convey his title by deed or mortgage.

4. ———: DESCENT.   *Held,* That on the death of Mrs. L. A. M., in 1880, all the real estate of which she died seized descended, subject to W. H. M.'s right to an estate by curtesy therein, to their daughter L. M.

APPEAL from the district court for Frontier county. Heard below before COCHRAN, J.

*J. L. White,* and *A. S. Sands,* for appellants.

*R. M. Snavely, contra.*

NORVAL, J.

This action was brought in the court below by appellee against William H. Miles and Nellie E. Miles, to foreclose a mortgage executed by them upon the west half of the southeast quarter and the east half of the southwest quarter of section 1, town 7 north, of range 28 west of the sixth principal meridian. The district court permitted Laura Miles, the minor child of the said William H. Miles by a former wife to intervene in the action. A guardian *ad litem* was appointed for the minor, who filed an answer setting up therein that at the time of the execution of the mortgage, the said Laura Miles was the sole owner in fee-simple of the land in controversy, having acquired title thereto by inheritance from her mother; that said mortgage conveyed no interest in the lands therein described, and is a cloud upon her title to said premises. The answer closes with prayer that the mortgage be canceled and that the title to the real estate be quieted in said minor. A reply was filed by the plaintiff. Upon the trial the court found that at the time of the execution of the mortgage, said William H. Miles was the owner in fee-simple of said real estate; that the mortgage was valid and binding, and a decree of foreclosure and sale was entered for $628.09. For and on behalf of the said minor this appeal is prosecuted.

The record before us shows that on the 11th day of January, 1879, the defendant William H. Miles was the owner in fee-simple of the real estate covered by the mortgage, and on said day, by deed of general warranty, he

Deming v. Miles.

conveyed the same to one Laura C. Murphy, which deed appellant contends was duly recorded on the 4th day of March, 1879; that on the 13th day of said month the said William H. Miles was married to said Laura C. Murphy; that on the 22d day of January, 1880, the appellant Laura Miles was born as the lawful issue of said marriage, and that on the 27th day of the same month said Laura C. died intestate, leaving surviving her, as her sole and only heir, the said minor. Subsequently, the said William H. Miles was married to one Nellie E. Murphy, and they, on the 16th day of August, 1883, executed, acknowledged, and delivered the mortgage in suit to secure a loan of $500, which mortgage was recorded on the 18th day of September, 1883, in the mortgage records of Frontier county.

Appellant contends that the said deed of January 11, 1879, from Miles to Murphy, was duly filed and recorded on the 4th day of March, 1879, in the office of the county clerk of the county where the lands therein described are situated. It is undisputed that in the early part of the year 1883 the court house and records of Frontier county were entirely destroyed by fire. Subsequently, but prior to the making and recording of the mortgage for the foreclosure of which this action was instituted, the records with reference to the lands covered by said mortgage were so restored as to show that the title to the lands stood in the name of William H. Miles. The said deed from Miles to Laura C. Murphy at that time did not appear of record, and appellee insists it was not established that it was ever on record prior to the making of the mortgage. Upon the trial the original deed was produced and put in evidence with the indorsements thereon. Upon the back of the instrument is to be found the following certificate :

"Filed for record this 4th day of March, A. D. 1879, eleven o'clock A. M., and entered in numerical index of deeds. Recorded this 4th day of March, 1879.

"A. L. MORGAN,
"*County Clerk.*"

It was also proven by Mr. Morgan, who was the county clerk of Frontier county in 1879, that the above certificate is in his handwriting and was made while he was such clerk. Mr. Morgan further testified, in answer to the question, "You may state whether you received that deed for record at the time stated, and whether you spread it at large upon the records of the county?" that "It was undoubtedly received then according to the indorsement as filed, but I see there is no page mentioned or the number of the deed record, and I cannot say positively whether it was recorded or not. I was just commencing with the business and not very well acquainted with it at the time. It was not customary to place 'recorded this day,' etc., until after the record was done, and then place the name of the record and page; but I see the page is not mentioned here. Whether it was recorded I do not know; I cannot say positively whether it was or not."

Although Mr. Morgan's testimony does not show that the deed was in fact spread upon the deed records of the county, the fact of its being delivered to the county clerk for such purpose clearly appears from the testimony of the witness as well as by the indorsement upon the back of the instrument.

By section 15 of chapter 73 of the Compiled Statutes, entitled "Real Estate," it is provided that "every deed entitled by law to be recorded shall be recorded in the order and as of the time when the same shall be delivered to the clerk for that purpose, and shall be considered recorded from the time of such delivery." Whether the deed in question was in fact recorded is quite immaterial so far as the rights of appellant are concerned. Where a party files a deed or mortgage, properly executed and acknowledged, for record with the proper officer he has complied with the law, and he is not bound to see that the officer performs his duty by actually recording it, nor will the law hold him responsible to the parties for the omission or neg-

lect of the officer to discharge his duty. The proper filing of the deed for record operated as constructive notice to all subsequent purchasers and mortgagees. (*Perkins v. Strong*, 22 Neb., 725.)

We are, however, satisfied from other testimony contained in the bill of exceptions that the deed was actually recorded. It appears from the testimony of W. L. McClay, who was the county clerk of Frontier county during the year 1882, that between the 15th and 25th days of December of that year, at the request of Burton & Harvey, of Orleans, he examined the records of his office for the purpose of ascertaining what property, real as well as personal, was owned by said W. H. Miles; that upon such examination he found that the title to the land in litigation stood of record in the name of Laura C. Murphy, which was the maiden name of Mr. Miles's first wife. No testimony was introduced by appellee to controvert the fact of the recording of the deed, but he insists that the evidence introduced by appellant is insufficent to establish that the instrument was ever recorded. His contention must be overruled. The fact that the record of this deed was destroyed does not affect the rights of appellant. There can be no doubt that where a deed, properly executed and acknowledged, is duly filed and recorded, it is thenceforth notice to all the world, although the record may be totally destroyed by fire. Such is the uniform adjudication in this country. (Wade on Notice, sec. 157; *Alvis v. Morrison*, 63 Ill., 181; *Shannon v. Hall*, 72 Id., 354; *Gammon v. Hodges*, 73 Id., 140; *Myers v. Buchanan*, 46 Miss., 397.)

To our mind it is perfectly plain that the mother of appellant at the time of her death was the owner in fee simple of the real estate involved in this litigation. Under the law in force at the time of the death of the mother the husband, William H. Miles, took only a life estate in the lands, and, subject to his right of curtesy, they descended to appellant as the sole and only heir at law of Laura C.

Miles, deceased. The mortgage did not convey the fee-simple title, and the district court erred in so finding and in entering the decree it did, for the reason that William H. Miles only owned an estate by the curtesy. The life estate of a husband as tenant by the curtesy in the real property of his wife of which she died seized is subject to seizure and sale on execution against him. Likewise a tenant by curtesy may convey his title by deed or mortgage. (*Forbes v. Sweesey*, 8 Neb., 525; *Lessee of Canby v. Porter*, 12 O. St., 79; *Shortall v. Hinckley*, 31 Ill., 219; *Rose v. Sanderson*, 38 Id., 247; *Lang v. Hitchcock*, 99 Id., 550; *Bozarth v. Largent*, 128 Id., 95; *Edmunds v. Leavell*, 3 S. W. Rep. [Ky.], 134.) It is clear from the foregoing authorities that the mortgage covered the interest of the mortgagor in the premises. Appellee is entitled to a foreclosure and sale only of the life estate of the defendant William H. Miles.

It is claimed that the mortgage is invalid for the reason that at the time of the death of Laura C. Miles the premises were occupied by her and her husband as a family homestead, and the husband therefore could not incumber the same. As no such issue is tendered by the pleadings in the case we will not take the time to consider the point raised in the brief of counsel.

Lastly, it is urged that William H. Miles has no estate by the curtesy in the premises for the reason appellant's mother acquired title thereto directly from him by a deed of general warranty, and the cases of *McCulloch v. Valentine*, 24 Neb., 215, and *Pool v. Blakie*, 53 Ill., 495, are cited in the brief of counsel in support of the proposition. An examination of these authorities will show that they are not in point. In the case in our own reports one Ebenezer McCulloch, by his last will and testament, provided that a certain farm owned by the testator should be sold by his executors and the money arising therefrom be equally divided among his daughters, stipulating that the share going to his daughter, Elizabeth Pemberton, should be re-

tained by his sons, Ebenezer Z. and George C., who were by the will appointed trustees for that purpose, and who were "to retain the same in trust for the benefit of said Elizabeth Pemberton and her children, her husband to have no control over the same, but that the said trustees might, with the consent of said Elizabeth Pemberton invest the same as they should deem best, so that the daughter and her children shall have the benefit of the same without the control of her husband." The farm was sold in accordance with the provisions of the will and with the share of the funds intended for Elizabeth Pemberton the trustees purchased a quarter section of land in Hamilton county in this state, and a deed therefor was taken in their own names as trustees, the *habendum* clause of the deed reading, "To have and to hold the said real estate, with the appurtenances, to the said second parties as trustees of said Elizabeth Pemberton, they being appointed as trustees by the will of their father, * * * for her sole and separate use and benefit so long as she may live, and after her death for the use and benefit of her children, the said trustees having the power to sell and convey said land, or any part thereof, on the written request of said Elizabeth Pemberton, and her joining with them in any such conveyance." Subsequently Elizabeth Pemberton died intestate, leaving her husband and their three children surviving her. Afterwards it was sought to sell the lands under an execution against the husband. This court held that he took no estate in the lands as tenant by the curtesy. The Illinois case is quite similar to the one reported in 24 Nebraska. In each case the instrument construed specified in effect that the property therein described was for the sole and separate use and benefit of the wife, and that the husband should have no interest and title in or control over the same. But the deed under consideration in the case at bar contains no limitations whatever. The fact that William H. Miles was the grantor in the deed does not bar his right to an estate

by curtesy, since such right was not limited by the conveyance. (*Robie v. Chapman*, 59 N. H., 41; *Soltan v. Soltan*, 6 S. W. Rep. [Mo.], 95.)

The decree of the district court is reversed and the cause is remanded to said court with instructions to enter a decree of foreclosure and sale only of the life estate of the defendant William H. Miles in the mortgaged premises and quieting the title to the property in the appellant Laura Miles, subject to said estate by the curtesy.

JUDGMENT ACCORDINGLY.

THE other judges concur.