Walker v. Lutz.

BELLE WALKER, PLAINTIFF IN ERROR, V. OSCAR C. LUTZ, DEFENDANT IN ERROR.

1. **Practice:** AFFIDAVITS: HOW MADE PART OF RECORD. Affidavits used in the district court will not be considered in this court in error proceedings, unless made part of the record, which can ordinarily be done only by means of a bill of exceptions.

2. **Sheriff's Return to Summons.** A sheriff's return to a summons, that he served it by leaving a copy at the defendant's usual place of residence, is not conclusive as to the fact of residence, but the defendant may show that the place where the copy was left was not at the time his residence, on a motion to quash the service.

ERROR to the district court for York county. Tried below before POST, J.

*Hale & Conner*, for plaintiffs in error, cited: *Diller v. Roberts*, 13 Sergeant & Rawle, 60. *Stevens v. Brown*, 3 Vermont, 420. *Blythe v. Richards*, 10 Sergeant.& Rawle, 261. *Denny v. Willard*, 11 Pickering, 519. *Whitaker v. Sumner*, 7 Pickering, 551. *Granger v. Clark*, 22 Maine,

128. *Cook v. Darling,* 18 Pickering, 393. *Brown v. Turner,* 12 Alabama, 752. *Lightsey v. Harris,* 20 Alabama, 411. *Cooper v. Sunderland,* 3 Clark, 114. *Phillips v. Elwell,* 14 Ohio State, 133.

*George B. France,* for defendant in error, cited: *Bond v. Wilson,* 8 Kan., 228. *Porter v. C. & N. W. R. R.,* 1 Neb., 14. *Watson v. Watson,* 6 Conn., 334. *Ports v. Table Mountain,* 10 Cal., 441. *Carr v. Commercial Bank,* 16 Wis., 50.

LAKE, CH. J.

There is but a single question here presented for our decision, and that is, whether in setting aside the service of summons the district judge ruled correctly.

The record brought here is in a very incomplete state, and not in a condition to enable us to know, with any reasonable certainty, just what evidence the judge had before him and acted upon in making the order complained of. We know that he had the motion of the defendant suggesting the want of jurisdiction, together with certain affidavits attached to and made a part of it. These affidavits being so attached as exhibits, may perhaps be properly regarded as a part of the record without the aid of a formal bill of exceptions. But not so of a large number of affidavits filed on behalf of the plaintiff in support of the sheriff's service. They fall clearly within the rule frequently announced by this court, that affidavits used in the district court will not be considered by this court, in error proceedings, unless made a part of the record. And this can ordinarily be done only by means of a bill of exceptions. *Ray v. Mason,* 6 Neb., 101. *Credit Foncier of America v. Rogers,* 8 Id., 34. *Aultman v. Howe,* 10 Id., 8. *Oliver v. Sheeley,* 11 Id., 521. The record does show that, upon the entry of the order quashing the service, forty days were given within which to prepare and file a bill of exceptions, which,

however, does not appear to have been done. It follows from this condition of the record, that we must presume the district judge ruled correctly upon the facts before him; and all that is left to us to decide is simply whether the sheriff's return to the summons, *as to the fact of the defendant's residence,* must be taken as conclusive or not.

The rule of the common law, by which such returns were held to be conclusive as between the parties to the action, has been much modified by many of the courts of this country, especially as to those jurisdictional facts not supposed to be within the officer's own knowledge, but which he must act upon—facts which not unfrequently he must ascertain upon inquiry from other persons, and about which he is quite liable to be misinformed entirely. To this class of facts belongs that of the "usual place of residence" of a defendant, the only place where, by leaving a copy, not with the defendant in person, the service of a summons can be effectuated.

Now is the first time that this court has been called upon to decide the precise question here presented, although one substantially like it in principle was considered in the case of *Porter v. The Chicago and Northwestern Railway Company,* 1 Neb., 14. The question in that case arose in the district court for Douglas county, and concerned the service of a summons on the railway company. It was first decided by the writer of this opinion, who was then presiding in that court, and, although the service was sustained, yet the principle was applied that, as to the matter there in dispute, the sheriff's return was not conclusive, but, on a motion to quash, might be shown to be untrue.

In that case the return of the sheriff, conforming to the requirements of the statute, showed service by leaving a certified copy of the summons with "W. B. Strong, the general managing agent of the defendant, at their usual place of doing business in the county of Douglas, state of Nebraska." A motion was made and entertained to quash

the service on the ground that Strong was not such managing agent as the sheriff had taken him to be, and in his return had certified that he was. And this court, in reviewing and affirming the ruling of the district court upon the showing made, did not question the right of the company to have the service set aside if the evidence had but shown that Strong was not in truth its managing agent in this state—in other words, that the return in that particular was false.

This precise question was considered by the supreme court of Kansas in the case of *Bond v. Wilson*, 8 Kansas, 228, under a statute respecting the service of summons similar to ours, and the conclusion reached that, "when the return of the sheriff is that a copy of the summons was left at the residence of the defendant, the court may hear and determine whether the place where the copy was left was at the time the residence of the defendant." And this principle is sustained by the courts of several other of our sister states. While we are of opinion that the return was not conclusive upon the question of the defendant's residence, for the reason that the record does not show that the court below ruled erroneously upon the facts before it, the judgment must be affirmed.

JUDGMENT AFFIRMED.