WILLIAM J. WARRICK, PLAINTIFF IN ERROR v. FRANCES ROUNDS, DEFENDANT IN ERROR.

1. **Liquors:** ACTION BY MARRIED WOMAN: EVIDENCE. In an action by a married woman, for herself and minor children, for damages for loss of means of support caused by the sale of intoxicating liquors to her husband, producing his intoxication and failure to provide for his family, after proof of facts tending to show that before such intoxication he provided for and supported his family, and that afterwards, and during the time of the intoxication, he failed to support the family, it is not error to allow the wife to testify as to the amount necessary to support the family in ordinary comfortable circumstances, suitable for

people in her condition. Such testimony would not be competent as establishing the measure of damages, but would be competent as tending to inform the jury as to the value of the means of support of which the plaintiff in the action had been deprived.

2. ——: ——: ——: ERROR WITHOUT PREJUDICE. When upon a trial of such action for damages, the defendant, a druggist, by his answer denied the sale of liquors to the husband, but upon the witness stand testified that he did on one or two occasions sell him liquor with quinine in it for malaria, and upon cross-examination he was, over the objection of his attorney, required to state whether he had a permit or license to sell liquors, *Held*, That his failure to claim the protection of a license or permit was, for the purposes of that trial, an admission that none existed, and therefore if there was error in the ruling of the court it was without prejudice.

3. **Instructions:** EXCEPTIONS. Objections to instructions to a trial jury will not be noticed by the supreme court, unless the attention of the trial court is first called to them by the proper exceptions taken at the time the instructions were given. .

4. **Trial:** VERDICT. Questions of fact, and upon conflicting testimony, are to be decided by the trial jury, and a verdict will not be set aside on the ground of a want of sufficient evidence to support it, unless the want is so great as to show that the verdict is manifestly wrong. *Sycamore, etc., Co. v. Grundrad,* 16 Neb., 529.

5. **Liquors:** SALE TO HUSBAND: DAMAGES. The rule of law, that where damages are suffered from the wrongful act of another the person suffering the injury must make all reasonable exertions to protect himself from the consequences of such wrongful acts, has no application to actions by a married woman for herself and children for loss of means of support caused by the wrongful sale of intoxicating liquors to the husband and father.

6. ——: SALE BY DRUGGIST. A druggist without a permit is absolutely prohibited from selling intoxicating liquors upon any pretext. Such druggist with a permit is equally prohibited from selling except in the best of faith, and strictly for the purposes specified by law.

7. **The evidence** examined, and found sufficient to sustain the verdict.

ERROR to the district court for Cass county. Tried below before POUND, J.

*Strode & Clark,* for plaintiff in error.

*James E. Morrison* and *Beeson & Sullivan,* for defend-
ant in error.

REESE, J.

This action was commenced by defendant in error as the
wife of Reuben Rounds for damages sustained by her and
her minor children by reason of their loss of support pro-
duced by the sale of intoxicating liquors to said Rounds,
causing his intoxication and rendering him incompetent
to support his family. The cause was tried to a jury, who
returned a verdict in favor of defendant in error and fixed
her damages at one hundred and sixty-five dollars. A
motion for a new trial was made by plaintiff in error,
which was overruled, and judgment was rendered on the
verdict, but without costs. Plaintiff in error, who was
defendant below, now brings the case into this court for
review by petition in error.

We will notice the alleged errors in the order in which
they occur in the brief of plaintiff in error.

It is alleged that the court erred in permitting defend-
ant in error to answer the following interrogatory:

"During this last winter, state as nearly as you can,
what it would take a week to support yourself and family
in ordinary, comfortable circumstance suitable for people
in your condition, including your house rent?"

This question was objected to, the objection overruled,
and she was permitted to answer. Her answer was as
follows: "May be five or six dollars a week. Some
weeks may be not so much." The testimony showed that
defendant in error was the mother of four minor children;
that up to the time of the inebriation of her husband he
had provided for the family, and since that time the bur-
den of supporting the family had devolved to a great ex-

tent upon her, which she did by means of washing for other people. But it was shown that during a part of the time of this inebriation he was able to and did labor, and, to a limited extent, contributed to the support of the family. It was sought to show the extent of his failure. The testimony was competent for that purpose. It is true that this class of testimony is, perhaps, not the most satisfactory method of ascertaining the damages suffered by being deprived of the support due from a husband and father, yet, in connection with the testimony already given, it would furnish some aid in arriving at the true measure of damages. The answer of the witness seems to have been in accordance with this view. The amount named by her is quite within reason, and fails to show any extravagant ideas upon her part.

In *Roose v. Perkins*, 9 Neb., 313, it is said that the "right of support is not necessarily limited to the bare necessaries of life. The condition of the family" is proper to be considered by the jury. The testimony would have been incompetent in the first instance for the purpose of fixing the measure of damages, for, as said in *Roose v. Perkins*, the damages must be limited to that sustained by the loss of support, and is not governed by the amount necessary to maintain the family. He supported his family prior to the formation of his habit of drunkenness, he failed to do so afterward. In cases of this kind it would be very difficult to show the exact amount of actual loss. The family are deprived of an important element in the way of support, and in addition to this it is necessarily followed by the wasting of the means necessary to sustain and perpetuate the condition of intoxication. It, therefore, may become necessary to resort to testimony of the kind objected to for the purpose of aiding the jury in fixing the damages. In view of the other testimony already before the jury, it could not have misled them.

It is next insisted that the court erred in requiring plain-tiff in error upon cross-examination as a witness, while on the stand, to answer the question as to whether he had a druggist's permit or a license to sell liquors. We think this question was wholly immaterial so far as the issues in the case were concerned, but not prejudicial to plaintiff in error. He admitted being a druggist, that he kept liquor in his store, and that he sold liquors for proper purposes. He admitted having sold some to Rounds but put quinine in it. If he had been in possession of a permit it would doubtless have been made to appear in his defense. The fact that no such defense was presented, was, in effect, an admission that he had none. His an-swer to the question could not have changed his position before the jury.

Objections are made to the instruction given to the jury by the court, but we will pass this part of the case without notice, as no exceptions were taken to any action of the court in that behalf.

The next proposition requiring attention is, that defend-ant in error "did not establish her claim by a fair prepon-derance of evidence." Upon this point it is sufficient to say there was a sharp conflict in the testimony. If the jury believed the testimony of defendant in error and her witnesses, the case was amply made. The oft-repeated purchase of liquor by Rounds, his carrying bottles of liq-uor home with the label of plaintiff in error attached to them, his constant and almost uninterrupted intoxication, are fully sworn to. The sales of liquor are, in the main, denied by plaintiff in error. The question as to the weight of the testimony was peculiarly within the prov-ince of the jury. There was evidence sufficient to sustain the verdict. *Sycamore Co. v. Grundrad*, 16 Neb., 529, and cases there cited.

It is said by plaintiff in error, that it was the duty of defendant in error to use ordinary and reasonable efforts

to protect herself from the consequences of the wrongful acts of plaintiff in error, and that the law imposes upon a party injured from another's tort the active duty of making reasonable exertions to render the injury as light as possible. Authorities are cited in support of this principle. We confess to some difficulty in applying the principles here invoked to the case at bar, and just how the rule can apply is not fully stated in the brief of plaintiff in error. There is no suggestion anywhere of any default on the part of defendant in error in the matter of making proper efforts to maintain the family, and it must be admitted that she was powerless to prevent the sale of liquors to her husband. The suggestion that it was her duty to notify plaintiff in error to cease selling her husband liquor is not to be entertained to any degree. We think the rule contended for has no application to this case.

The next contention on the part of plaintiff in error is, that the damages are excessive and that the verdict was result of prejudice. We think not. On the contrary, the verdict seems to have been produced by a conservative view of the evidence rather than otherwise.

While a strict construction of the evidence would, in our opinion, warrant a verdict of the amount returned, yet it might have been much larger. The purpose of the statute is to give a complete remedy for all damages resulting from a loss of means of support. "It in effect declares the act of producing intoxication a wrong, and makes every one who has contributed to it by furnishing intoxicating liquors a wrong-doer, and liable." *Elshire v. Schuyler*, 15 Neb., 561.

If the means of support is totally destroyed, the full value of such means is the measure of damages. If only partially, then such damages should be allowed as would compensate for such partial destruction. This rule does not limit a plaintiff in an action to such damages as might compensate for loss of time while intoxication lasts, but ex-

tends to such loss as is the direct result of such intoxication.

An individual may be intoxicated three days out of a week for a length of time, and by reason of such intoxication be wholly incapacitated for business or labor during the other three days. In that event the means of support for the whole working or business time of the week is destroyed, and the person furnishing the liquor is liable for the whole damage sustained thereby. The language of the statute is that a married woman may maintain her action "for all damages sustained by herself and children on account of such traffic." A careful computation of the time during which the intoxication lasts would not always be the correct basis from which to estimate damages.

While the foregoing virtually disposes of the case at bar, yet it seems to be required that we say further, that the action of plaintiff in error seems to have grown out of an impression indulged in by many, that druggists, in the language of one of the witnesses examined on the trial, have "a right to sell what they want to" if sold under some pretext as "medicine." That a little quinine mixed into a pint or a quart of whiskey or other intoxicant is a kind of leaven which will leaven the whole, and the druggist selling the mixture is guilty of no violation of either the criminal or civil provisions of the law.

Plaintiff in error testified in his examination in chief, on his own behalf, that he had no recollection of selling Rounds any liquor "except two or three times he came in and said he had malaria and I sold it to him with quinine in it." The law cannot with safety be thus evaded, and no druggist, whether he be the possessor of a permit or not, can by any such legerdemain evade its provisions. A druggist without a permit is absolutely prohibited from selling "upon any pretext." A druggist with a permit is

27

equally prohibited from selling except in the best of faith, and strictly for the purposes specified in the act.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur