## DALLAS ROACH v. NILS HAWKINSON.

[FILED MAY 18, 1892.]

1. **Review.** THE VERDICT OF A JURY upon disputed questions of fact is final, unless it is clearly against the evidence.

2. ———: FAILURE TO TAKE EXCEPTIONS. The supreme court will not consider an objection to an instruction where no exception was taken, by the party complaining, at the time it was given.

3. ———: UNDISPUTED QUESTIONS: SUBMISSION. Where a case is tried to a jury, the failure to submit to them an undisputed question of fact is not error.

4. ———: OFFER OF TESTIMONY.  In order to predicate error upon
sustaining by the court of an objection to a question propounded
to a party's own witness, the party must make an offer to prove
the facts sought to be elicited by the question.

ERROR to the district court for Hitchcock county.  Tried
below before COCHRAN, J.

*Jennings & Wiley,* for plaintiff in error.

*M. M. House, contra.*

NORVAL, J.

This action was brought by Nils Hawkinson to recover
an amount alleged to be due for digging a well for Dallas
Roach.  There was a verdict and judgment for the plaintiff
for $58, from which the defendant prosecutes error.

Counsel for plaintiff in error contend that the verdict is
not sustained by the evidence.  The undisputed testimony
shows that Hawkinson undertook to dig a well for the
plaintiff in error, in the fall of 1886.  There is a direct
conflict in the testimony as to the terms of the contract
under which the work was done.  The agreement rested in
parol.  The evidence of the plaintiff in error and his wit-
nesses is to the effect that Hawkinson agreed to do the dig-
ging for twenty-five cents per foot, and, in the event of his
failure to obtain a sufficient supply of water from the well,
he was to receive no pay for any labor performed, and that
the work was abandoned at the depth of 232 feet without
reaching water.  The defendant in error testified, in effect,
that he was to receive twenty-five cents per foot for sinking
the well through soil, and fifty cents per foot through rock,
if he had to pass through more than forty feet of it; that
his right to receive pay was not conditional on his obtaining
a supply of water; that he went down 238 feet, of which
sixty feet were rock; and the reason he discontinued dig-
ging was on account of the plaintiff in error failing to

supply sufficient help to remove the dirt at the top of the well. Roach insists that there were but a few feet of rock and that he furnished abundant assistance to cart away the dirt. There is testimony going to show that Hawkinson, after he abandoned the work, declined to complete the same, upon being requested so to do, but subsequently he proposed to Roach to finish the well, which offer was refused. It also appears that afterwards plaintiff in error had the well dug twelve feet deeper, and was furnished with a supply of water. If the terms of the contract were as testified to by defendant in error, then he was entitled to pay for digging the well, although it did not furnish any water. The jury having found upon the conflicting evidence in his favor, we must consider the contract established according to the contention of the defendant in error.

As already suggested, the parties do not agree as to the depth of the well, nor as to the number of feet defendant in error went through rock, but accepting as true the testimony of Roach and his witnesses, upon that branch of the case, as the jury must have done, the verdict was for the proper amount, for 223 feet at twenty-five cents per foot amounts to $58, the sum named in the verdict.

Complaint is made of the fourth instruction given by the court on its own motion. This objection cannot be considered, for the reason that no exception was taken at the time it was given. (*Warrick v. Rounds*, 17 Neb., 411; *Nyce v. Shaffer*, 20 Id., 507; *Heldt v. State*, Id., 492.)

It is insisted that the court erred in giving instruction No. 5. This instruction told the jury that if they believed from the evidence that the contract was as alleged by the plaintiff, the verdict should be for the plaintiff. It was not necessary to submit to the jury the question whether the plaintiff had performed the contract on his part, for the reason that on that issue the evidence was all one way, and in favor of the plaintiff. The defendant in his testimony admits that the plaintiff dug the well 232 feet deep. An

undisputed question of fact need not be submitted to the jury.

We cannot review the rulings of the court in refusing to allow the defendant in error to answer certain questions propounded to him by his counsel on direct examination, for the reason that no offer was made in the court below to prove the facts sought to be elicited by the questions. (*Mathews v. State,* 19 Neb., 330; *Masters v. Marsh,* Id., 458; *Yates v. Kinney,* 25 Id., 120.) The judgment is

AFFIRMED.

THE other judges concur.