WILLIAM P. FERGUS, ADMINISTRATOR, APPELLEE, v. M. J. SCHIABLE, ADMINISTRATOR, APPELLANT.

FILED APRIL 8, 1912.   No. 17,446.

1. Wills: RIGHT OF ELECTION. The right of a widow to elect under the provisions of sections 4907, 4908, Ann. St. 1911 (laws 1907, ch. 49, secs. 7, 8), whether she will take the provision made for her in the will of her deceased husband, or take the interest in the estate given her by law, is a personal one, and does not pass at her death to her heirs or personal representatives.

2. ———: ———. A widow made, and the county court recorded,

her election to take under the law instead of under the will of her deceased husband. She did so under a mistake as to her right to take under the law, but she took no valid steps in her lifetime to have her election set aside. After her death her administrator brought an action to recover some of the provisions made for her benefit in the will. *Held*, That he had no power to make an election for her, and that the court could not ignore the election made in her lifetime of which there was a judicial record.

APPEAL from the district court for Richardson county: JOHN B. RAPER, JUDGE. *Reversed and dismissed.*

*Reavis & Reavis,* for appellant.

*Clarence Gillespie* and *Edwin Falloon, contra.*

LETTON, J.

In 1905 Henry Rieger died leaving a will, one clause of which is as follows: "I give and bequeath to my beloved wife Amelia Rieger, in addition to the $200, which the law gives her out of my personal estate, the sum of $100. I also desire that my said wife Amelia Rieger shall live in our homestead as long as she shall live; that is, I desire that she occupy it herself and not rent it." The will was duly probated and allowed. During the settlement of the estate and within the statutory time his widow, Amelia Rieger, filed in the county court a written renunciation of the provisions made for her in the will. The widow afterwards made a claim for an allowance as such widow out of the estate, which was resisted by the administrator and the heirs on the ground that she had entered into an antenuptial contract by the terms of which she had barred herself of all rights in the estate of her deceased husband. This litigation was carried on for some time, culminating in an appeal to this court, where it was finally determined that the ante-nuptial contract was valid. After the case was remanded to the district court Amelia Rieger died. This action was brought by the administrator with the will annexed of her estate to recover the provision made

for her in the will of her deceased husband which she renounced. The defendant, who is administrator of the estate of Henry Rieger, deceased, pleaded the facts as to the widow's election and renunciation, and, further, that she had possession and control of the real estate owned by Rieger from the time of his death until her own death. The reply alleges that at the time Mrs. Rieger signed the paper making an election she made a mistake; that it was subsequently adjudicated that she had no right to take under the law; that in the litigation incident to the ante-nuptial contract she filed a reply in the district court in which she asked that, in case it should be determined that she had no right to take under the law, the court would permit her to reconsider her election and take under the will; that the request was never passed upon by the court; that by the adjudication she was deprived of her right to take under the law, and that, therefore, she is presumed to take under the will.

The county court found generally for the defendant, found that the widow had occupied the homestead to the time of her death, and that the wearing apparel, ornaments and household furniture, etc., were set off to her by the appraisers; that on the 14th day of June, 1903, the widow filed her renunciation of the provision made for her in the will and elected to take under the law, and that she did not in her lifetime ask the court to be permitted to make her election and take the provision made for her in the will. The court further found that the second amended reply filed in the district court was filed after trial, and after the motion for a new trial had been overruled, and rendered judgment dismissing the proceedings. On appeal the district court found that the plaintiff is entitled to the legacy of $100 made to Amelia Rieger in the will, and rendered judgment accordingly. The defendant administrator appeals.

The testimony shows that on the 3d day of October, 1908, a second amended reply was drawn up by Mrs. Rieger's attorney with her knowledge and consent in the

antenuptial contract case. It was not signed by her, or verified by any one, and there is no proof that it was filed before judgment, or that permission of the court was given to file it, or that it was ever seen by the court.

The election made by the widow was not withdrawn in her lifetime. No attempt was made in the county court to be relieved from its operation by virtue of the equity powers of that tribunal. The present proceedings are, in effect, an attempt by her administrator to set aside the election made by the widow in her lifetime and to elect for her that she will take under the will of her deceased husband. There can be no question but that the election made by the widow, however badly advised, was effectual until it was set aside by a court of competent jurisdiction. Her relations to the estate having been fixed and made a matter of judicial record, it could only be changed at her request, or at her instance. The right given to a widow to renounce the will and take a share of the estate which she is allowed by statute is a personal right and does not pass to her representative. It is for her to make the determination, and not for one who is merely appointed to administer her estate. We know of no authority given an administrator to make an election for her and either to accept or reject the provisions made in a will. *Sherman v. Newton*, 6 Gray (Mass.) 307; *Atherton v. Corliss*, 101 Mass. 40; *Harding's Adm'r v. Harding's Ex'r*, 140 Ky. 277; *Welch v. Anderson*, 28 Mo. 293; *Davidson v. Davis*, 86 Mo. 440; *Pennhallow v. Kimball*, 61 N. H. 596; *Williamson v. Nelson*, 62 S. W. (Tenn. Ch.) 53; *Estate of Nordquist v. Sahlbom*, 114 Minn. 329. Conversely, after an election has been made by the widow, if she takes no effective steps during her lifetime to change her status with respect to the estate and to be allowed to withdraw her election, this right, being purely personal, dies with her. The finding of the county court as to the property which the widow received seems to be sustained by the evidence, so that she has had the benefit of the provision in the will, except the money legacy. We think her election cannot be

set aside in the manner attempted, and that the district court erred in awarding judgment for the plaintiff.

The judgment of the district court is, therefore, reversed and the cause dismissed.

REVERSED AND DISMISSED.