HOWARD G. HARRIS, APPELLANT, V. THOMAS B. MCPHERSON, APPELLEE.

FILED JULY 7, 1924. No. 22870.

1. **Judgment: RES JUDICATA.** "The judgment of a state court duly authenticated as perscribed by law, where there is jurisdiction, is conclusive as an adjudication upon the subject-matter of the suit." *Keeler v. Elston,* 22 Neb. 310.

2.  ———:  Ex Parte Affidavit:  Admissibility.  The *ex parte*
affidavit of E. H. C. was inadmissible under the rules of evidence,
and its admission in evidence at the trial was error.

Appeal from the district court for Douglas county:
Alexander C. Troup, Judge.  *Reversed.*

*McGilton & Smith,* for appellant.

*Baker & Ready, contra.*

Heard before Morrissey, C. J., Day, Good, and Thompson, JJ., and Blackledge, District Judge.

Blackledge, District Judge.

This action was instituted to recover upon a foreign judgment rendered October 20, 1915, in the circuit court for Atlantic county, New Jersey, in favor of plaintiff and against defendant.  That action was based upon a promissory note executed by defendant to E. H. Cuthbert and by him transferred to plaintiff.  In the New Jersey court no process was served upon defendant, but an attorney of that state appeared and filed answer in his behalf.  Thereafter upon notice, and defendant failing to show facts entitling him to defend therein, the answer was found to be frivolous and a judgment was entered against the defendant for the amount of the note.

In this action the defense pleaded was that the New Jersey court had no jurisdiction of the defendant because of the want of authority of the attorney to answer or enter appearance therein for the defendant.  Counsel for both parties state that the question whether the attorney appearing for defendant in that court was, or was not, authorized to so appear was the only issue in the case.  The trial court submitted but the one question for the determination of the jury.  The verdict was for the defendant, and the plaintiff has appealed.

At the trial, over the objection of plaintiff, the defendant was permitted to testify to the circumstances, as he claimed them to be, of the giving of the note upon which

the original suit was based, and that the same was without consideration. Defendant was further permitted, in detailing a conversation between himself and Cuthbert and the attorney, which took place in December, 1917, and in which the matter under discussion was what had taken place between the same parties in August, 1915, in reference to the employment of the attorney to act in the suit then pending in the New Jersey court, to introduce in evidence an affidavit of Cuthbert made in October, 1916, stating his version of the transactions of August, 1915.

These rulings are assigned as error and we think the assignments must be sustained. It is elementary that in such a suit there can be no inquiry which seeks to go behind the original judgment and reconsider the cause or defense upon which it was based. The judgment of a court of a sister state, properly authenticated, is, in the courts of this state, conclusive upon the subject-matter of the suit. Such evidence was not pertinent to the question of employment or authority of the attorney, in the suit upon the note after its maturity, and appellee's argument that it was proper for the purpose of showing the relationship of the parties concerned in the original transaction does not carry weight. Its admission indicated to the jury the propriety of consideration by them of what they might believe to be the merits of the original case and was, we think, prejudicial. *Keeler v. Elston*, 22 Neb. 310. So, also, was the admission of the Cuthbert affidavit. It was no part of the conversation. Cuthbert himself was there present. It was in use, apparently in argument in an effort to convince the attorney that he had acted beyond the scope of his employment or instructions. The whole conversation could be material to defendant's case only as it might develop some statement, or admission, contrary to the position assumed or statements made by the attorney in his earlier connection with the case, which had gone to judgment two years before. Cuthbert does not testify on this trial, and his affidavit so received carried to the jury the weight of a sworn statement by him in reference to a material element

of the case, as to which plaintiff was deprived of the right of cross-examination. Its admission in evidence was error. *Barton v. McKay,* 36 Neb. 632.

The evidence upon the real issue, pertaining to the authority of the attorney to make the appearance in the New Jersey court, was conflicting and it was proper that that question should be submitted to the jury. We cannot determine to what extent the jury, in arriving at its conclusion, may have been influenced by the testimony erroneously admitted as hereinbefore pointed out, and the judgment of the trial court must, therefore, be reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.