JAMES DRAPER ET AL., APPELLANTS, V. FRANK D. EAGER ET AL., APPELLEES.

FILED OCTOBER 7, 1924.   No. 23741.

1. Executors and Administrators: WILL: POWER OF SALE. A will containing the provision, "To the end that it shall not be necessary to make needless expense in that behalf it is my will that my executors for the purpose of carrying into effect any provisions of this will shall have full and complete power to make any deed or writing to convey a good merchantable title without any order of court or judicial decree, so that the deed of said executors when it is properly given will convey the same title I might give if I were then living, and grantor in the instrument," clothes the executors with complete authority to sell and convey lands belonging to the estate, when necessary to carry out the provisions thereof.

2. ——: ——: ——. Where a will authorizes executors to sell real estate when necessity demands it in the furtherance of the expressed or implied wish of the testator, they are the judges of whether or not such necessity exists, and their decision, as to such necessity, if fairly and honestly arrived at, is conclusive.

3. **Wills:** Application for Construction: Notice. An application made to a court by executors for a construction of a will under which they are acting, and for directions as to their duties thereunder, is not an adversary proceeding, and notice to interested parties is not necessary to give the court jurisdiction.

Appeal from the district court for Lancaster county: William M. Morning, Judge. *Affirmed.*

*Sterling F. Mutz,* for appellants.

*Reavis & Beghtol, Boehmer & Boehmer,* and *Bruce Fullerton, contra.*

Heard before Morrissey, C. J., Rose, Dean, and Thompson, JJ., and Blackledge, District Judge.

Thompson, J.

Thomas W. Draper, Sr., was a resident of Lancaster county and the owner of lot 7, block 37, in the city of Lincoln, on which was situate a business building used for rental purposes. On the 5th day of May, 1917, he died testate, leaving his widow and three sons and a daughter, his heirs, as his legatees. The minor defendants hereinafter mentioned are the issue of one of the sons now deceased. In the codicil to his will, Charles E. Draper, Alice Draper Knowlton, and Nicholas Ress, were named as executors, who afterwards entered upon the discharge of their duties. That part of the will pertinent to the questions here presented is as follows:

"First: It is my will and I do direct that all of my just and provable debts be paid as soon as it can be conveniently done, and as same fall due, except as hereinafter provided in this will; in the debts thus to be paid I include the expenses of my last illness and burial, the charges for funeral, and all the expenses of administering my estate, and to the end that it shall not be necessary to make needless expense in that behalf it is my will that my executors for the purpose of carrying into effect any provisions of this will shall have full and complete power to make

any deed or writing to convey a good merchantable title without any order of court or judicial decree, so that the deed of said executors when it is properly given will convey the same title I might give if I were then living, and grantor in the instrument.

"Second:  It is my will and I do direct that after the payment of my debts, proved and allowed against my estate in course of administration, that my executors hereinafter named, or whoever shall at such time, sustain such office, shall take complete control and charge of all of the estate then remaining, and hold and manage the same in trust, with the increment thereof for the following purposes:  First, to pay to my beloved wife Julia Draper for her proper support and maintenance, in case she shall elect to abide the provisions and conditions of this will, during the term of her natural life a sum of money of not less than fifty ($50.00) each and every month; second, to pay from the earnings, rents and issues of the estate as the same shall come into the hands of the executors all interest charges and other fixed charges incident to administering the trusted estate, and to reduce as said executors shall find expedient the interest bearing debt from time to time as occasion may offer, and third, after the payment of the allowance to my said wife Julia Draper, and other payment provided for in this paragraph, said executors shall at intervals of one year make annual distribution of any surplus rents and issues, and pay the same in equal shares, except as hereinafter provided, to my children."

The fourth paragraph of the will provides for a distribution of the property remaining when the daughter arrives at the age of 30.  This is changed to 50 in the codicil.  The will provides that before any part of the distributive share is turned over to the son, Thomas Draper, Jr., $3,000 of his share shall be paid to the other heirs, the codicil raises this amount to $8,000.

On the 16th day of December, 1921, the executors then acting, Ress having died and E. C. Boehmer having been

appointed in his place, entered into a written contract for the sale of the lot to Frank D. Eager, defendant herein. That there might not be any doubt as to the authority of the executors to sell the lot and convey a merchantable title, it was agreed that the executors should institute an action in the district court for Lancaster county, praying for the construction of the will and codicil, as to their authority, as well as to the necessity for the making of the sale, and the reasonableness of the price agreed to be paid. Judgment was had on the 24th day of January, 1922, wherein it was determined, in substance, as follows: That the deceased left some estate, all of which had been reduced to money except the lot before mentioned; that the building on the lot is old and dilapidated, and to give the place a fair rental value, it is necessary to expend between $8,000 and $10,000 in repairing the building, plumbing and heating appliances; that the estate does not have funds to pay for these improvements; that there is now due a first mortgage of $7,000, and a second one for $10,000, due March 1, 1924; that some of this indebtedness was incurred by the testator; that the rents and profits for the last few years have not been sufficient, to pay the interest, taxes, insurance, and other expenses of the trust, such as allowance to the widow of not less than $50 a month. The court then found that it was necessary to sell this property in order to meet these expenditures and carry out the provisions of the will, and that the sale to Eager would leave the sum of $33,000 for the estate over and above the incumbrances on the property, which, when placed out at interest, would give the estate a net income of $2,000 annually. It then authorized and empowered the executors and administrator to enter into the agreement with Eager.

Following the decree, the contract with Eager was closed, the first instalment under it was paid, and possession of the lot turned over to him; he thereafter collecting the rents and profits.

Plaintiff, James Draper, is the legatee by that name designated in the will. He instituted this suit, seeking to

have the contract held for naught, the decree held void, and other equitable relief, alleging, in substance, that he is a son of the testator, who died testate, and, with other property, was the owner of the lot in question; that he is one of the legatees and thus part owner of the lot; that E. C. Boehmer is administrator *de bonis non,* and Charles E. Draper and Alice Draper Knowlton are executors named in the codicil, and have been duly appointed by the county court, and are acting; that on the 16th day of December, 1921, the executors entered into a written agreement with defendant Frank D. Eager for the sale of the lot to him; that afterwards they filed a petition in the district court for Lancaster county, the object and prayer of which was the construction of the will, and confirmation of their authority to sell and convey the property as per contract. The petition further alleges that the executors were without authority to enter into the contract, for the reason that no summons was served on plaintiff or other interested parties, nor no notice given of the pendency of the application to sell the real estate; and that the contract is illegal and void.

As a second cause of action, it is further alleged that the defendants, Charles E. Draper, Alice Draper Knowlton, and Julia Draper, were misled by false statements made to them by defendant Boehmer into the execution of the contract to Eager.

For a third cause of action, the petition alleges that defendant Eager has failed to comply with the terms of the contract on his part, and that the contract be declared at an end by reason thereof, and equitable relief granted.

Defendants William H. Draper and Maxine J. Marshall, by their guardian, answered by filing general denials.

Defendant Eager answered, admitting certain paragraphs of plaintiff's petition, and denying each and every other allegation.

Defendant Boehmer, for answer, states that he is administrator *de bonis non* of the estate; that the contract was made with defendant Eager; and that application

was made to the district court for Lancaster county, containing facts as to the condition of the trust, and asking construction of the will and authority to enter into the contract; that, after due and legal notice was given, the court found the necessity for the sale, that the executors had authority to sell, and authorized them to enter into the contract; that defendant Eager had complied with all of the conditions on his part. Trial had, and judgment in favor of defendants. Plaintiff appeals, in which he is joined by defendants Alice Draper Knowlton, Charles E. Draper, and Julia Draper, which defendants made no defense to the action in the district court.

Plaintiff submits for reversal of the trial court, first, that the will did not clothe the executors with the authority to sell the lot in question; second, that urgent necessity is expressly made a condition precedent to a sale by the executors, which did not exist; third, that the will itself negatives an intention on the part of the testator to grant power to sell. These will be considered together as they are each and all answered by a determination of the scope and purpose of the will in that regard.

The intention of the testator, as gleaned from a consideration of the entire will and codicil, taken together, is controlling. *Albin v. Parmele,* 70 Neb. 740, and cases cited in paragraph 2 of page 743 of the opinion.

The evidence shows, and we so find, that the widow elected to take under the will; that the property owned by the testator at the time of his death consisted of the lot with the improvements thereon, which were rented, and certain personal property; that in paying the debts the personal property had been exhausted, or nearly so; that no distribution had been had; that there were mortgages on the lot to an amount of many thousand dollars, much of which would soon become due, as heretofore set out, and as found by the district court on the application for construction of the will; that there were taxes unpaid; that the widow could not maintain herself on $50 a month; that the building on the lot was decaying, both within and without, and

was in dire need of repair; that the plumbing, as well as the heating plant in the building, was in a condition demanding the expenditure of a large sum of money; that the condition of the building was making it impossible to obtain or hold paying tenants; that the rentals were not sufficient to meet the expenses of the trust, as imposed by the provisions of the will, or otherwise; that there was no other property out of which to provide for the payment thereof, or for the $8,000 due from the son as legatee to the other legatees; that these conditions existed at the time the executors decided to, and did, enter into the contract with Eager.

These facts, with others, were submitted to the district court, together with the contract and other evidence, and the court found, as we find, that the will authorized the sale by the executors; it also found that $52,000 was the fair market value of the lot, together with the improvements; that the contract was without fraud or deception, and was one for the best interest of the trust; that there was necessity for the sale in order that the executors might carry out the provisions of the will and comply with their duties in the premises.

These were the conditions confronting the trustees. By accepting the trust they accepted the provisions of the will, defining their duties and responsibilities. They were accountable for wilful waste and failure to faithfully discharge the trust imposed. The widow having elected to take under the will, she was bound by its provisions, as were the other legatees, that the distribution was not to be had until the daughter was 50 years of age, she being at the time about 25. The trustees must provide for the widow, not less than $50 a month, and more if more were needed, during her natural life. They must care for the property and preserve it for the legatees. Distribution, if anything was left for distribution, could not be had until after a sale was made.

As we construe the will, they were authorized, and it was their duty to sell the lot in question, when, in their

judgment fairly exercised, the condition of the trust estate demanded it, and the provisions of the will authorized it. In this case authority and necessity joined at the time of the sale, and the will clothed them with full and complete power to enter into the contract of sale complained of; and, that without an order or decree of the court. It was such a purpose and condition the testator wisely framed his will to meet.

The decree confirming the contract of sale supports us in our conclusion as to the necessity for the sale and the judgment exercised by the trustees in entering into the contract. Then the executors' judgment, as to the contingency as well as the necessity, cannot be questioned unless it should appear that they erred wilfully, or from such gross negligence as would imply fraud or wilfulness, neither of which existed in this case. 21 R. C. L. 782, sec. 10; *Matthews v. Capshaw,* 109 Tenn. 480.

As to the proceedings had in the district court on the application for construction of the will and direction as to the Eager contract, the question of jurisdiction, save as to that raised by the claimed failure to give notice, is not before us, and is not considered. The proceeding was not one seeking a judicial sale of real estate. It was solely one for the construction of the will as to the scope of the executors' authority to sell the lot, and if it was found by the court that they were clothed with such authority on the happening of a certain contingency or condition as to and of the trust, and, whether or not $52,000 was the fair value of the lot. Such a proceeding was not an adversary action, and the notice to interested parties was not necessary to give the court jurisdiction. In this case, however, the court found that due and legal notice was given, and made the same a part of the decree. Then the court is one of general jurisdiction, and every presumption is in its favor until the contrary is proved, which in this case has not been done, and the judgment of the court is approved by us.

Having examined every question of law and fact present-

ed, it is considered by us that the findings, judgment and decree of the district court in favor of the defendants is in all things right, and should be, and hereby is,

AFFIRMED.

Note—See Executors and Administrators, 23 C. J. p. 1174, sec. 393; 24 C. J. p. 160, sec. 639; p. 162, sec. 640.