## IN RE ESTATE OF JAMES COMBS.
### JEREMIAH COMBS ET AL., APPELLANTS, v. HARRIET SUSANNAH MUMFORD ET AL., APPELLEES.

FILED JUNE 22, 1928. No. 25456.

*G. L. Godfrey* and *J. L. McPheely*, for appellants.

*Lewis C. Paulson, Chappell & Wilson* and *King & Bracken*, contra.

Heard before GOSS, C. J., GOOD, EBERLY and HOWELL, JJ., and BEGLEY, District Judge.

EBERLY, J.

By appropriate pleading in the form of an action to construe a will, the following situation is presented: The deceased, James Combs, a resident of Nebraska, died April 7, 1919, leaving a widow, but having no children or descendants. He owned, at the time of his death, a home consisting of two lots and a dwelling situated thereon in which he and his wife resided, and also personal property. His wife had children by a former marriage. The testator's "heirs of the blood" consisted of brothers and descendants of deceased brothers.

Combs' will was admitted to probate on petition of the widow. It contained the following provisions pertinent to the question before us: (1) That debts should be paid out of personal property, and if this be insufficient for the purpose contained, there should be the sale of "so much of my real estate as may be necessary for that purpose;" (2) a bequest to his wife of the "use, income and occupation of all estate, both real and personal, during her natural life;" (3) that the bequest of all money on hand or in bank at the time of his death to his wife was to be absolute.

The third paragraph of the will is as follows: "It is my wish and I hereby direct that my estate both real and personal, remaining after the death of my wife, shall descend to my legal heirs in equal shares in accordance with the laws of descent and distribution of the state of Nebraska."

The real question presented is: Does the term "my legal heirs," as thus used, embrace and include the widow of the testator?

It may be said that, under the provisions of section 1226, Comp. St. 1922, the widow possessed the undoubted right to elect within one year whether she would take the "lands so devised, or the provision made for * * * her in the last will," or take under the terms of the statute of descent. In the instant case, the widow failed to exercise this right within the time and in the manner provided, and came squarely within the terms of section 1227, Comp. St. 1922, whereby she is conclusively deemed to have elected to take

the real estate devised or other provision made by the last will and testament.

This right of election is personal and does not pass to the heirs. *Fergus v. Schiable,* 91 Neb. 180.

It is conceded that the real estate involved in this controversy was the homestead and occupied by the testator and his family at the time of his death.

Section 2832, Comp. St. 1922, provides that, where the homestead is selected (as in this case) from the husband's estate, "it vests on" his death in the surviving widow for life, subject to the power of the decedent to dispose of the same, except the life estate of the survivor, by will.

It would seem that the sections of our statutes heretofore referred to dispose of this case with little difficulty. It is plain that the husband cannot cut off his wife by will unless she consents. The law sanctions his right to will all of his property, or any part of it, to his surviving wife, subject only to such conditions over which she has complete control. Only such property as the will does not dispose of descends to his heirs. The wife, under the circumstances of this case, must take as one or the other; that is, as devisee or as heir, not both. The last clause of section 1226, Comp. St. 1922, so states, "unless it plainly appears by the last will and testament of the deceased to have been so intended by the testator." It follows that in the case before us the words of the will constitute the measure of the widow's rights and which, under its terms, is acquired by her as a devisee only.

It thus becomes a matter of mere construction of terms employed. Wills are to be construed according to the reasonable intent of the testator as evidenced by the language of the will, giving to the words their ordinary meaning. *Harris v. McPherson,* 112 Neb. 410.

No rule of law is better settled or more in accord with good sense than that which requires the intention of the testator to be ascertained from a liberal interpretation and comprehensive view of all the provisions of the will. No

particular words, no conventional forms of expression, are necessary to make an effective testamentary disposition of his property. The court, without much regard to the canons of construction, will place itself in the position of the testator, ascertain his will, and, if lawful, enforce it. *Albin v. Parmele,* 70 Neb. 740; *McCulloch v. Valentine,* 24 Neb. 215; *Lesiur v. Sipherd,* 84 Neb. 296; *Heywood v. Heywood,* 92 Neb. 72; *Draper v. Eager,* 112 Neb. 611.

All parties to the litigation fairly agree that the will, in plain, unmistakable terms, vested in the widow a life estate in the real estate and in the personal property of which the testator "died seised," and also provided for an absolute gift to her of "all money on hand or in bank." At this point the agreement ends. It would seem, however, that this instrument just as definitely indicates as the ultimate devisees of the real estate and personal property involved, after the wife's death shall terminate her life estate or interest therein, persons of whom the words, "my legal heirs in equal shares in accordance with the laws of descent and distribution of the state of Nebraska," are descriptive. It must be admitted that the term "my legal heirs" construed, in the light of surrounding circumstances, with reference to all of the language employed in the will, must be relied upon to designate the ultimate devisees, the ultimate remainderman. It would seem that the fact that the testator desired to dispose of the title to his property to the exclusion of his wife with her consent by will indicates that he did not desire to have it come back to her after his death for distribution to her heirs. It appears absurd to conclude that the testator intended to give her only a life estate living, and after her death cast a fee simple title on her, dead. Had he wanted his widow to share in his property as a remainderman to the partial exclusion of his heirs of the blood, it would have been easy to have evidenced such intention by use of appropriate words. This he failed to do.

It must be remembered that we are bound to give due

effect, if possible, to all the language employed in the will. The words, "in equal shares in accordance with the laws of descent and distribution of the state of Nebraska," are manifestly inconsistent with the wife's receiving a vested interest, as a remainderman, of one-half of the estate then passing by the will. The words quoted carry the sense of a limitation or exclusion. If, in fact, two classes of persons exist, to one of which the words employed and quoted apply strictly and as an entirety, and to the other class have only a partial application, it would seem logical that only the class to which they apply as an entirety would be within their proper purview. If this be true, it follows that "my legal heirs" is descriptive of a class, identified by the terms of the will as the devisees intended, and identical with the class of persons who, in the event of intestacy, would have inherited the subject of the present devise under the laws of Nebraska in equal shares. Obviously, the wife or widow was not one of this class, for here, if she inherits at all, she inherits one-half of this estate. This, in turn, leaves, as the sole persons to whom the words "my legal heirs" (who would inherit in equal shares) apply, those who were heirs of the testator's blood at the date of his death, viz., his brothers and their descendants, and as such they are entitled to inherit.

The conclusion is that, in view of the language employed in the will, the subject-matter to which the will relates, and the circumstances surrounding the execution of the instrument, the term "my legal heirs," as employed therein, designates only the heirs of the blood of the testator, and in them is thereby vested the estate of remainder.

It follows that the judgment of the district court construing the will in question must be, and is, reversed, with directions to enter a judgment in accord with the conclusion of this opinion.

REVERSED AND REMANDED.